IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use and benefit of DUNCAN PIPELINE, INC., a Georgia corporation, and DUNCAN PIPELINE, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> WALBRIDGE ALDINGER COMPANY, a Michigan corporation; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA; a Connecticut corporation; and LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation, <br><br> Defendants. | CIVIL ACTION FILE NO. CV411-92 <br><br> **DEMAND FOR JURY TRIAL** |

## **COMPLAINT**

COME NOW, the UNITED STATES OF AMERICA, for the use and benefit of DUNCAN PIPELINE, INC. and DUNCAN PIPELINE, INC.(hereinafter referred to collectively as "Duncan Pipeline"), Plaintiffs in the above-styled civil action, and files its Complaint against WALBRIDGE ALDINGER COMPANY (hereinafter referred to as "Walbridge"); TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA (hereinafter referred to as "Travelers") and LIBERTY MUTUAL

INSURANCE COMPANY (hereinafter referred to as "Liberty"), and showing this Honorable Court as follows:

1.

Defendant Walbridge is a corporation duly organized and existing under the laws of the State of Michigan, with its principal place of business at 777 Woodward Avenue, #3000, Detroit, Michigan 48226

2.

Defendant Walbridge is authorized to transact business in Georgia and may be served through its registered agent, CT Corporation System, 1201 Peachtree Street, NE Atlanta, Georgia 30361.

3.

Defendant Travelers is a corporation duly organized and existing under the laws of the State of Connecticut, with its principal place of business at One Tower Square, Hartford, Connecticut 06183-0001.

4.

Defendant Travelers is authorized to transact business in Georgia and may be served through its registered agent, Corporation Service Company, 40 Technology Parkway South, #300, Norcross, Georgia 30092.

5.

Defendant Liberty is a corporation duly organized and existing under the laws of the State of Massachusetts, with its principal place of business at 175 Berkeley Street #MS 10B, Boston, Massachusetts 02116-5066.

6.

Defendant Liberty is authorized to transact business in Georgia and may be served through its registered agent, Corporation Service Company, 40 Technology Parkway South, #300, Norcross, Georgia 30092.

7.

Venue is proper in this Court pursuant to 40 USCS § 3133 because the subject contract was to be performed in Liberty County, Georgia

8.

Subject matter jurisdiction is proper in this Court pursuant to 40 USCS § 3133, 28 USCS § 1331, and 28 USCS § 1332.

9.

All conditions precedent to the filing of this Complaint have been met, waived, and/or excused.

10.

Duncan Pipeline entered into subcontract 5-1724-0205 with Walbridge on or about July 22, 2009 whereby Duncan Pipeline agreed to provide materials and services at Ft. Stewart IBCT, Hinesville, Liberty County, Georgia (hereinafter "Project"). A true and accurate copy of subcontract 5-1724-0205 is attached hereto as Exhibit "A".

11.

Travelers, a surety, was obligated regarding this Project pursuant to Payment Bond 065-SB-105214423.

12.

Liberty, a surety, was obligated regarding this Project pursuant to Payment Bond 015-029-002.

13.

Defendants have failed to pay Duncan Pipeline for certain work performed and materials provided at the Project.

## COUNT I-BREACH OF CONTRACT--ORIGINAL SUBCONTRACT PRICE

14.

Duncan Pipeline hereby alleges and incorporates by reference paragraphs 1 through 13 as though fully stated herein.

50116096-1
5095-0001

15.

Duncan Pipeline fully performed its obligations under subcontract 5-1724-0205.

16.

Duncan Pipeline has demanded payment for the full subcontract price.

17.

Walbridge has refused to make payment for the outstanding balance owed under the original subcontract price.

18.

Walbridge's failure to pay Duncan Pipeline for the balanced owed pursuant to the original subcontract price constitutes a breach of subcontract 5-1724-0205.

19.

Duncan Pipeline is entitled to direct damages, consequential damages, including loss of productivity and profits, and prejudgment interest as a result of said breach.

## COUNT II – BREACH OF CONTRACT – SUBCONTRACT PRICE, AS AMENDED

20.

Duncan Pipeline hereby alleges and incorporates by reference paragraphs 1 through 19 as though fully stated herein.

50116096-1
5095-0001

21.

While at the Project, Duncan Pipeline was instructed, in writing and/or orally, or otherwise required by the existing conditions, to perform work beyond the original scope of subcontract 5-1724-0205.

22.

Per these oral and/or written instructions and requirements, Duncan Pipeline performed specified work beyond the original scope of subcontract 5-1724-0205.

23.

Duncan Pipeline has demanded payment for the specified work it performed beyond the original scope of subcontract 5-1724-0205.

24.

Walbridge has refused to make payment for the outstanding balance owed for the specified work Duncan Pipeline performed beyond the original scope of subcontract 5-1724-0205.

25.

Walbridge's failure to pay Duncan Pipeline for the balanced owed pursuant to the subcontract price, as amended, constitutes a breach of subcontract 5-1724-0205.

26.

Duncan Pipeline is entitled to direct damages, consequential damages, including loss of productivity and profits, and prejudgment interest as a result of said breach.

## COUNT III – BREACH OF CONTRACT – ORAL CONTRACT

27.

Duncan Pipeline hereby alleges and incorporates by reference paragraphs 1 through 26 as though fully stated herein.

28.

While at the Project, Duncan Pipeline was instructed, in writing and/or orally, or otherwise required by the existing conditions, to perform specified work beyond the original scope of subcontract 5-1724-0205.

29.

Per these oral instructions and requirements, Duncan Pipeline performed specified work beyond the original scope of subcontract 5-1724-0205.

30.

Duncan Pipeline has demanded payment for the specified work it performed beyond the original scope of subcontract 5-1724-0205.

31.

Walbridge has refused to make payment for the outstanding balance owed for the specified work Duncan Pipeline performed beyond the original scope of subcontract 5-1724-0205.

32.

Walbridge's failure to pay Duncan Pipeline for the balanced owed pursuant to these oral agreements constitutes a breach of contract.

33.

Duncan Pipeline is entitled to direct damages, consequential damages, including loss of productivity and profits, and prejudgment interest as a result of said breach.

## COUNT IV – QUANTUM MERUIT

34.

Duncan Pipeline hereby alleges and incorporates by reference paragraphs 1 through 33 as though fully stated herein.

35.

Duncan Pipeline performed services valuable to Walbridge beyond the original scope of subcontract 5-1724-0205.

36.

Walbridge either requested said valuable services and materials or knowingly accepted said services and materials.

37.

Walbridge's receipt of these valuable service without compensating Duncan Pipeline would be unjust.

38.

Duncan Pipeline had an expectation of compensation at the time of rendition of said services.

## COUNT V – UNJUST ENRICHMENT

39.

Duncan Pipeline hereby alleges and incorporates by reference paragraphs 1 through 38 as though fully stated herein.

40.

Duncan Pipeline performed services valuable to Walbridge beyond the original scope of subcontract 5-1724-0205.

41.

Walbridge either requested said valuable services and materials or knowingly accepted said services and materials.

42.

Walbridge's receipt of these valuable service without compensating Duncan Pipeline would be unjust.

## COUNT VI – CLAIM ON PAYMENT BONDS

43.

Duncan Pipeline hereby alleges and incorporates by reference paragraphs 1 through 42 as though fully stated herein.

44.

Travelers, as surety, and Walbridge, as principal, issued Payment Bond 065-SB-105214423 providing that Travelers would pay for the amount owed to subcontractors by Walbridge in the event that Walbridge failed to pay those subcontractors.

45.

Walbridge and Travelers are jointly and severally liable under the terms of the Payment Bond 065-SB-105214423.

46.

Liberty, as surety, and Walbridge, as principal, issued Payment Bond 015-029-002 providing that Travelers would pay for the amount owed to subcontractors by Walbridge in the event that Walbridge failed to pay those subcontractors.

50116096-1
5095-0001

47.

Walbridge and Travelers are jointly and severally liable under the terms of the Payment Bond 065-SB-105214423.

48.

Duncan Pipeline is a claimant entitled to protection as a subcontractor under the terms of the Payment Bond and/or 40 USCS § 3133.

49.

Duncan Pipeline notified Walbridge, Travelers and Liberty of the monies owed to Duncan Pipeline for materials and services supplied by Duncan Pipeline to the Project and Duncan Pipeline made a demand for payment to Walbridge, Liberty, and Travelers on or about October 1, 2010 for payment under the Payment Bond. A true and accurate copy of said October 1, 2010 demand is attached hereto as Exhibit "B."

50.

Walbridge, Travelers, and Liberty have not paid Duncan Pipeline the balance owed to Duncan Pipeline by Walbridge.

51.

The Defendants are jointly and severally liable to Duncan Pipeline pursuant to the Payment Bonds in the amount of at least $1,213,838.90, plus prejudgment interest on the principal amount.

## COUNT VII – ATTORNEYS FEES UNDER O.C.G.A. § 13-6-11

52.

Duncan Pipeline hereby alleges and incorporates by reference paragraphs 1 through 51 as though fully stated herein.

53.

Walbridge and Travelers have acted in bad faith, has been stubbornly litigious, and caused Plaintiff unnecessary trouble and expense.

54.

As such, Duncan Pipeline is entitled to attorneys fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11.

## COUNT VIII – ATTORNEYS FEES UNDER O.C.G.A. § 13-11-8

55.

Duncan Pipeline hereby alleges and incorporates by reference paragraphs 1 through 54 as fully stated herein.

56.

On information and belief, Walbridge has been paid by the United States Government for services provided by Duncan Pipeline at the Project and Walbridge has failed to pay that money to Duncan Pipeline.

57.

As such, Duncan Pipeline is entitled to attorneys fees and expenses of litigation pursuant to O.C.G.A. § 13-11-8 of the Prompt Pay Act.

### COUNT IX – VIOLATION OF FEDERAL PROMPT PAY ACT

58.

Duncan Pipeline hereby alleges and incorporates by reference paragraphs 1 through 57 as though fully stated herein.

59.

Pursuant to 31 USCS § 3905(c), Walbridge was required to include in subcontract 5-1724-0205 a payment clause and an interest penalty clause compliant with 31 USCS § 3905(b).

60.

Walbridge failed to comply with 31 USCS § 3905(c).

61.

Walbridge failed to make prompt payment as required by 31 USCS § 3905(b).

### COUNT X – CONVERSION

62.

Duncan Pipeline hereby alleges and incorporates by reference paragraphs 1 through 61 as though fully stated herein.

50116096-1
5095-0001

63.

Duncan Pipeline has equipment located at the Project, including but not limited to a John Deere 544J.

64.

Walbridge, without authority from or permission of Duncan Pipeline, has exercised dominion over the equipment inconsistent with Duncan Pipeline's rights in the equipment.

65.

The value of the equipment wrongfully appropriated by Walbridge has been decreased due to Walbridge's unauthorized acts.

66.

Duncan Pipeline is entitled to damages against Walbridge due to Walbridge's tortuous activities.

## COUNT XI-PUNITIVE DAMAGES

67.

Duncan Pipeline hereby alleges and incorporates by reference paragraphs 1 through 66 as though fully stated herein.

50116096-1
5095-0001

68.

Walbridge's tortuous actions evince willful misconduct, malice, fraud, wantonness, oppression, and an entire want of care, raising the presumption of Walbridge's conscious indifference to its actions' consequences.

69.

As such, Duncan Pipeline is entitled to punitive damages.

**WHEREFORE,** Plaintiff prays for the following:

a. that a summons be issued and served requiring the Defendants to appear as provided by law to answer this Complaint;

b. that Plaintiff have and recover from Defendants in the amount owed plus interest at the legal rate from the date of completion, plus attorneys fees and expenses of litigation and punitive damages;

c. that all costs and fees be cast against the Defendants; and

d. for all other and such relief that this Court deems just and proper.

Respectfully submitted this 7th day of April 2011.

HALL BOOTH SMITH & SLOVER, P.C.

**/s/ Michael G. Frick**
Michael G. Frick
Georgia Bar No. 277125

50116096-1
5095-0001

HALL BOOTH SMITH & SLOVER, P.C.
528 Darien Hwy., Suite 300
Brunswick, GA 31525
912.554.0093 Phone
912.554.1973 Fax