IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA For the Use and Benefit of DUNCAN PIPELINE, Inc., | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE |
| v. | ) ) | NO.   4:11-cv-00092-WTM-GRS |
| WALBRIDGE ALDINGER COMPANY, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, and LIBERTY MUTUAL INSURANCE COMPANY, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANT WALBRIDGE ALDINGER COMPANY**

Walbridge Aldinger Company ("Walbridge") files this Answer and Affirmative Defenses to the Complaint of Use-Plaintiff, Duncan Pipeline, Inc. ("Duncan").

**ANSWER TO SPECIFIC ALLEGATIONS**

Walbridge answers each of the numbered allegations of the Complaint as follows:

**Parties and Jurisdiction**

1.   Walbridge admits the allegations made in paragraph 1 of the Complaint.

2.   Walbridge admits the allegations made in paragraph 2 of the Complaint.

3.   Walbridge is without sufficient knowledge or information to admit or deny the allegations made in paragraph 3 of the Complaint, therefore these allegations are denied.

4.   Walbridge is without sufficient knowledge or information to admit or deny the allegations made in paragraph 4 of the Complaint, therefore these allegations are denied.

5. Walbridge is without sufficient knowledge or information to admit or deny the allegations made in paragraph 5 of the Complaint, therefore these allegations are denied.

6. Walbridge is without sufficient knowledge or information to admit or deny the allegations made in paragraph 6 of the Complaint, therefore these allegations are denied.

7. Walbridge admits that venue in this district is proper.

8. Walbridge admits that this court has subject matter jurisdiction over this dispute.

9. Walbridge denies the allegations made in paragraph 9 of the Complaint.

10. Walbridge admits that it entered into a subcontract ("Subcontract") with Duncan concerning the IBCT Ft. Stewart Project ("Project") in Liberty County, Georgia. The terms and conditions of the Subcontract speak for themselves. Walbridge denies the remaining allegations made in paragraph 10 of the Complaint.

11. Walbridge admits that Travelers was named as a surety on a payment bond concerning the Project. Walbridge denies the remaining allegations made in paragraph 11 of the Complaint.

12. Walbridge admits that Liberty was named as a surety on a payment bond concerning the Project. Walbridge denies the remaining allegations made in paragraph 12 of the Complaint.

13. Walbridge denies the allegations contained in paragraph 13 of the Complaint.

**COUNT I**

14. Walbridge incorporates by reference paragraphs 1 through 13 of its Answer as if fully set forth herein.

15. Walbridge denies the allegations made in paragraph 15 of the Complaint.

16. Walbridge avers that Duncan demanded payment, but denies that Duncan is entitled to any further payment. Walbridge denies the remaining allegations made in paragraph 16 of the Complaint.

17. Walbridge avers that it refused to make further payments to Duncan, because Duncan is not entitled to any further payment. Walbridge denies the remaining allegations made in paragraph 17 of the Complaint.

18. Walbridge denies the allegations made in paragraph 18 of the Complaint.

19. Walbridge denies the allegations made in paragraph 19 of the Complaint.

## COUNT II

20. Walbridge incorporates by reference paragraphs 1 through 19 of its Answer as if fully set forth herein.

21. Walbridge denies the allegations made in paragraph 21 of the Complaint.

22. Walbridge denies the allegations made in paragraph 22 of the Complaint.

23. Walbridge avers that Duncan demanded certain payments, but denies that Duncan is entitled to any further payment. Walbridge denies the remaining allegations made in paragraph 23 of the Complaint.

24. Walbridge avers that it refused to make further payments to Duncan, because Duncan is not entitled to any further payment. Walbridge denies the remaining allegations made in paragraph 24 of the Complaint.

25. Walbridge denies the allegations made in paragraph 25 of the Complaint.

26. Walbridge denies the allegations made in paragraph 26 of the Complaint.

## COUNT III

27. Walbridge incorporates by reference paragraphs 1 through 26 of its Answer as if fully set forth herein.

28. Walbridge denies the allegations made in paragraph 28 of the Complaint.

29. Walbridge denies the allegations made in paragraph 29 of the Complaint.

30. Walbridge avers that Duncan demanded certain payments, but denies that Duncan is entitled to any further payment. Walbridge denies the remaining allegations made in paragraph 30 of the Complaint.

31. Walbridge avers that it refused to make further payments to Duncan, because Duncan is not entitled to any further payment. Walbridge denies the remaining allegations made in paragraph 31 of the Complaint.

32. Walbridge denies the allegations made in paragraph 32 of the Complaint.

33. Walbridge denies the allegations made in paragraph 33 of the Complaint.

## COUNT IV

34. Walbridge incorporates by reference paragraphs 1 through 33 of it Answer as if fully set forth herein.

35. Walbridge denies the allegations made in paragraph 35 of the Complaint.

36. Walbridge denies the allegations made in paragraph 36 of the Complaint.

37. Walbridge denies the allegations made in paragraph 37 of the Complaint.

38. Walbridge denies the allegations made in paragraph 38 of the Complaint.

## COUNT V

39. Walbridge incorporates by reference paragraphs 1 through 38 of its Answer as if fully set forth herein.

40. Walbridge denies the allegations made in paragraph 40 of the Complaint.

41. Walbridge denies the allegations made in paragraph 41 of the Complaint.

42. Walbridge denies the allegations made in paragraph 42 of the Complaint.

## COUNT VI

43. Walbridge incorporates by reference paragraphs 1 through 43 of its Answer as if fully set forth herein.

44. Walbridge avers that Travelers and Walbridge issued a payment bond for the Project. The terms and conditions of the payment bond speak for themselves. Walbridge denies the remaining allegations made in paragraph 44 of the Complaint.

45. Walbridge avers that the terms and conditions of the payment bond speak for themselves. Walbridge denies the remaining allegations made in paragraph 45 of the Complaint.

46. Walbridge avers that Liberty and Walbridge issued a payment bond for the Project. The terms and conditions of the payment bond speak for themselves. Walbridge denies the remaining allegations made in paragraph 46 of the Complaint.

47. Walbridge avers that the terms and conditions of the payment bond speak for themselves. Walbridge denies the remaining allegations made in paragraph 47 of the Complaint.

48. Walbridge avers the terms and conditions of the payment bond speak for themselves. Walbridge denies the remaining allegations made in paragraph 48 of the Complaint.

49. Walbridge avers that Duncan notified Walbridge, Travelers, and Liberty of a claim against the payment. The contents of that notice speak for themselves. Walbridge denies the remaining allegations made in paragraph 49 of the Complaint.

50. Walbridge avers that it has not paid Duncan, because Duncan is not entitled to any further payment. Walbridge denies the remaining allegations made in paragraph 50 of the Complaint.

51. Walbridge denies the allegations made in paragraph 51 of the Complaint.

## COUNT VII

52. Walbridge incorporates by reference paragraphs 1 through 51 of its Answer as if fully set forth herein.

53. Walbridge denies the allegations made in paragraph 53 of the Complaint.

54. Walbridge denies the allegations made in paragraph 54 of the Complaint

## COUNT VIII

55. Walbridge incorporates by reference paragraphs 1 through 54 of its Answer as if fully set forth herein.

56. Walbridge denies the allegations made in paragraph 56 of the Complaint.

57. Walbridge denies the allegations made in paragraph 57 of the Complaint.

## COUNT IX

58. Walbridge incorporates by reference paragraphs 1 through 57 of its Answer as if fully set forth herein.

59. Walbridge avers that the statute referenced by Duncan speaks for itself. Walbridge denies the remaining allegations made in paragraph 59 of the Complaint.

60. Walbridge denies the allegations made in paragraph 60 of the Complaint.

61. Walbridge denies the allegation made in paragraph 61 of the Complaint.

## COUNT X

62.     Walbridge incorporates by reference paragraphs 1 through 61 of its Answer as if fully set forth herein.

63.     Walbridge denies the allegations made in paragraph 63 of the Complaint.

64.     Walbridge denies the allegations made in paragraph 64 of the Complaint.

65.     Walbridge denies the allegations made in paragraph 65 of the Complaint.

66.     Walbridge denies the allegations made in paragraph 66 of the Complaint.

## COUNT XI

67.     Walbridge incorporates by reference paragraphs 1 through 66 of its Answer as if fully set forth herein.

68.     Walbridge denies the allegations made in paragraph 67 of the Complaint.

69.     Walbridge denies the allegations made in paragraph 69 of the Complaint.

70.     Walbridge denies any and all other allegations in the Complaint unless otherwise expressly admitted herein.

## **AFFIRMATIVE DEFENSES**

Walbridge asserts the following affirmative defenses to the Complaint.

1.     The Complaint fails to state a claim upon which relief can be granted.

2.     Duncan did not satisfy the conditions in the Subcontract that would entitle it to payment of additional compensation. Specifically, Duncan did not follow the Subcontract when submitting claims for additional work and Duncan's work was not approved and accepted by the Project owner as additional work, both of which are conditions precedent to Duncan's right to any payment. Therefore, Walbridge pleads the defense of failure of a condition precedent.

3. Duncan has failed to comply with the terms of the Subcontract in making its request for additional compensation.  Therefore, Walbridge pleads the defense of waiver.

4. Duncan has expressly waived its right to a trial by jury.  Therefore any trial of this case must be before the court, without a jury.

5. Walbridge and Duncan have an express contract between them.  Therefore, Duncan cannot assert an action in *quatum meruit,* for unjust enrichment, or for breach of an oral contract.

6. Duncan has failed to assert a legal claim for conversion.  Therefore, Duncan's cause of action for conversion and punitive damages must be dismissed.

7. Duncan has failed to properly allege amounts owed to it under the Miller Act.

8. The claims by Duncan are subject to the dispute provisions set out in the Subcontract, with which Duncan has failed to comply.

9. Duncan has been paid in full for its work.  Therefore, Walbridge claims the defense of payment.

10. Duncan failed to follow the Subcontract terms concerning its claims for additional compensation.  Therefore, Walbridge claims the defense of estoppel.

11. Duncan has waived and released its claims at issue in this lawsuit. Therefore, Walbridge claims the defenses of waiver and release.

12. Duncan failed to perform its Subcontract and Walbridge was forced to retain other persons to complete Duncan's work. Therefore, Walbridge claims the defense of recoupment.

WHEREFORE, Walbridge prays that Duncan's Complaint be dismissed and that Walbridge have such other and further relief as this Court deems proper and that all costs of this action be taxed against Duncan.

Respectfully submitted this 9th day of May, 2011.

        SMITH, CURRIE & HANCOCK LLP

        /s/Eric L. Nelson
        Eric L. Nelson
        Georgia Bar No. 537850 [Admitted Pro Hac Vice]
        Joseph C. Staak
        Georgia Bar No. 673712
        2700 Marquis One Tower
        245 Peachtree Center Avenue, N.E.
        Atlanta, Georgia 30303-1227
        Telephone:  (404) 521-3800
        Facsimile:  (404) 688-0671
        ***Attorneys for Defendants Liberty Aldinger Company, Travelers Casualty and Surety Company of America and Liberty Mutual Insurance Company***

# **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been filed and served electronically on May 9, 2011, using the CM/ECF system, which will automatically provide copies to all Counsel of Record:

>Denise Spitalnick, Esq.
>Hall, Booth, Smith & Slover, PC
>191 Peachtree Street, NE
>Suite 2900
>Atlanta, GA  30303-1740
>
>James H. Fisher, II, Esq.
>Hall, Booth, Smith & Slover, PC
>191 Peachtree Street, NE
>Suite 2900
>Atlanta, GA  30303-1740
>
>Joel L. McKie, Esq.
>Hall, Booth, Smith & Slover, PC
>191 Peachtree Street, NE
>Suite 2900
>Atlanta, GA  30303-1740
>
>Michael G. Frick, Esq.
>Hall, Booth, Smith & Slover, PC
>3528 Darien Highway
>Suite 300
>Brunswick, GA  31525

This 9th day of May, 2011.

/s/Eric L. Nelson
Eric L. Nelson