IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use and benefit of DUNCAN PIPELINE, INC., a Georgia corporation, and DUNCAN PIPELINE, INC., <br><br>　　　　　　Plaintiffs, <br><br>　vs. <br><br>WALBRIDGE ALDINGER COMPANY, a Michigan corporation; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA; a Connecticut corporation; and LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation, <br><br>　　　　　　Defendants. | CIVIL ACTION <br> FILE NO. 4:11-CV-00092-WTM-GRS |

**PLAINTIFFS' REPLY BRIEF IN FURTHER SUPPORT OF PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' CLAIM OF JURY WAIVER**

COME NOW, United States of America, for the use and benefit of Duncan Pipeline, Inc. and Duncan Pipeline, Inc. ("Duncan"), Plaintiffs in the above-styled civil action, and file this Plaintiffs' Reply Brief In Further Support of Plaintiffs' Motion to Strike Defendants' Claim of Jury Waiver showing this Court as follows:

### I.　　INTRODUCTION

Defendants argue that the parties' contract's jury waiver provision bars a jury trial in this matter because Duncan purportedly filed a late Motion to Strike regarding the issue, the issue is completely controlled by federal law, and under federal law, the provision is enforceable. All of these arguments are meritless. First, Duncan's motion to the court places a critical issue regarding their right to a jury trial before this Court. Moreover, while Georgia law controls

resolution of this issue in Duncan's favor, even under federal law, Defendants have failed to meet their burden in showing that the subject jury waiver was knowing and voluntary. Therefore, Duncan's motion must be granted.

## II.     ARGUMENT AND CITATION TO AUTHORITY

### A.    Enforceability of Pre-Dispute Jury Waiver Needs to Be Determined Prior to Trial

By arguing that Duncan's Motion to Strike was untimely, Defendants ignore that the issue of jury waiver was of their creation. Here are the relevant procedural facts: Duncan demanded a jury trial in their initial complaint. (Complaint, Doc. 1). Defendants failed to move to strike that jury demand by the May 30, 2012 deadline as required by the amended scheduling order. (See Amended Scheduling Order, Doc 36). Nevertheless, the trial court can still *sua sponte* strike Duncan's proper jury demand up until the eve of trial. See 8-39 Moore's Federal Practice - Civil § 39.13 (citing Fed. R. Civ. P. 39(a)(2)). Therefore, Duncan has requested the Court to clarify the status of its jury demand so as to avoid unnecessary trial[1] delay and to create certainty regarding the issue going forward. Regardless of the name of motion filed, resolution of this issue is necessary to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1

Duncan contends any motion by Defendants attempting to strike Duncan's jury demand is barred by the amended scheduling order because Defendants cannot show "good cause" for their delay in filing such a motion. See Sosa v. Airprint Sys., 133 F.3d 1417, 1418 (11th Cir. 1998) (citing Rule 16(b)). However, Duncan recognizes that some Courts have, despite scheduling orders, allowed such Motions to Strike Jury Demands on the eve of trial. United States v.

---

[1] Even if Defendants' Motion for Partial Summary Judgment is granted, there remains over $250,000 in claims that were not subject to Defendants' Motion for Partial Summary Judgment. At the very least, a trial will be needed on those claims, unless those issues can be resolved.

Schoenborn, 860 F.2d 1448 (8th Cir. Minn. 1988); Poole v. Union Planters Bank, N.A., 337 S.W.3d 771, 782-783 (Tenn. Ct. App. 2010). Moreover, regardless of Defendants' dilatory efforts, the trial court may still *sua sponte* strike Duncan's proper jury demand. See 8-39 Moore's Federal Practice - Civil § 39.13 (citing Fed. R. Civ. P. 39(a)(2)). In a case not explicitly discussing a Rule 16 scheduling order, one circuit explained the issue as follows:

> Parties have a great deal of latitude on the timing of motions to strike a jury demand. Since a court has the power to act sua sponte at any time under Rule 39, it follows that a court has the discretion to permit a motion to strike a jury demand at any time, even on the eve of trial.

Tracinda Corp. v. DaimlerChrysler AG, 502 F.3d 212, 226-27 (3d Cir. 2007) (citations and internal quotations omitted).

Delaying briefing and a decision regarding Duncan's right to a jury trial to the eve of trial in light of the complex nature of the substantive state law question presented would have inevitably delayed trial or prejudiced Duncan in preparation for trial. Moreover, if the Court concludes, based on Schoenborn or Tracinda Corporation, that Defendants have the right to move to strike Duncan's jury demand on the eve of trial, Duncan certainly should have the right to seek a judicial determination of the issue at an earlier point in the litigation. Therefore, in the interest of judicial economy, this Court should decide whether the parties' contract's jury waiver provision is enforceable regardless of the name[2] of the motion that has presented the issue to the Court.

---

[2] One of the most important objectives of the Federal Rules of Civil Procedure is that lawsuits should be determined on their merits and according to the dictates of justice, rather than by technicalities of pleadings. Maty v. Grasselli Chem. Co., 303 U.S. 197, 200, 58 S.Ct. 507, 509 (1938). The federal rules neither require that a pleading must be construed most strongly against the pleader nor technical exactness. Windsor v. Bethesda Gen. Hosp., 523 F.2d 891 (8th Cir. 1975). Rather, the district court should make a determined effort to understand what the pleader is attempting to set forth and to construe the pleading in his or her favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849 (1969); Harden v. State Farm Mut. Auto. Ins. Co., 339 F. App'x 897, 901 (11th Cir. 2009).

**C.  Georgia Substantive Law Should Be Applied to Determine Enforceability of Jury Waiver**

Regardless of whether this matter is a diversity or federal question case, which it is both, this Court must apply the choice of law principles of the forum[3]. Totalplan Corp. of Am. v. Colborne, 14 F.3d 824, 832 (2d Cir. 1994) ("Because jurisdiction in this case is based on diversity of citizenship as well as the presence of a federal question, we follow the choice of law rules of New York, the forum state"); Stud v. Trans International Airlines, 727 F.2d 880, 881 (9th Cir. 1984) (same); United States for the Benefit & Use of EPC Corp. v. Travelers Cas. & Sur. Co. of Am., 423 F. Supp. 2d 1016, 1020 (D. Ariz. 2006) ("In Miller Act cases, the Court must act like a court sitting in diversity and use the law of the forum state to construe the agreement." (quotations omitted)); Artistic Stone Crafters, Inc. v. Safeco Ins. Co. of Am., 726 F. Supp. 2d 595, 600 (E.D. Va. 2010) (same).  Therefore, Georgia law controls the enforceability of the pre-dispute jury waiver provision.  Keener v. Convergys Corp., 342 F.3d 1264, 1268 (11th Cir. 2003); GE Commer. Fin. Bus. Prop. Corp. v. Heard, 621 F. Supp. 2d 1305 (M.D. Ga. 2009). Since a pre-dispute jury waiver like the one the parties' subcontract is unenforceable under Georgia law, Bank South, 264 Ga. at 339, Duncan is entitled to a jury trial on all issues in this case.  This result is not changed by the preliminary application of federal law to the issue.

*1.  Georgia Law is More Protective of Jury Trial Right Than Federal Law*

The error in Defendants' argument is that they completely ignore that Georgia's Constitution may, in this cases does, provide litigants with rights that are more extensive than the

---

[3] While it is true that the contract contains a choice of law provision, that provision is of no consequence in the analysis of the enforceability of the pre-dispute jury waiver since such a waiver is against public policy pursuant to Bank S., N.A. v. Howard, 264 Ga. 339, 339, 444 S.E.2d 799, 799-800 (1994).  See Keener v. Convergys Corp., 342 F.3d 1264, 1268 (11th Cir. 2003) (affirming district court's application of Georgia conflicts of law rules that required Georgia law applied as opposed to Ohio law, the law chosen by the contract, because the provision in question was contrary to Georgia public policy).

United States Constitution.  In fact, the Eleventh Circuit has expressly held that "[s]tates are free to provide their residents and visitors with more protection than the United States Constitution requires." Justice v. Peachtree City, 961 F.2d 188, 194 (11th Cir. 1992).  So while this Court must apply federal law in determining whether any parties' Seventh Amendment rights have been violated, this Court must go the additional step, as Judge Land did in GE Commer. Fin. Bus. Prop. Corp. v. Heard, 621 F. Supp. 2d 1305 (M.D. Ga. 2009), to determine whether the right to a jury trial guaranteed by Georgia's Constitution is violated by a pre-dispute jury waiver.

Contrary to Defendants' assertion, GE Commercial is not an "anomalous case" because it applied applicable state law in addition to federal law, but rather Judge Land's Opinion is an outlier, if one at all, because Georgia follows a minority rule regarding the enforceability of pre-dispute jury waivers.  As explained in GE Commer. Fin. Bus. Prop. Corp. v. Heard, 621 F. Supp. 2d 1305 (M.D. Ga. 2009), only two states have determined that pre-litigation contractual jury waivers are barred by their state law or constitution: Georgia and California. Bank South, 264 Ga. at 339; Grafton Partners L.P. v. Superior Court, 36 Cal.4th 944, 116 P.3d 479 (2005); Poole v. Union Planters Bank, N.A., 337 S.W.3d 771, 779 (Tenn. Ct. App. 2010).

After Grafton Partners L.P. v. Superior Court, at least one federal court in California has looked to state law to determine the enforceability of a pre-dispute jury waiver.  In Fin. Tech. Partners L.P. v. FNX Ltd., 2009 U.S. Dist. LEXIS 18657, 2009 WL 464762 (N.D. Cal. Feb. 24, 2009), a California federal district court applied California law, specifically Grafton Partners, and struck down the parties' contractual pre-dispute jury waiver.  Id at 3-5 (explaining "The court finds that applying California law here, which is more protective of the right to a jury trial, would promote the policy underlying the rule regarding jury waivers.")  Fin Tech, like GE Commercial, clearly explains the disconnect for Georgia and California federal courts:

"Ironically, although the reason the Supreme Court [in Simler v. Conner, 372 U.S. 221 (1963)] held that federal law governs the right to a jury trial was to protect this right, applying federal law here would eliminate that right. The Court finds that applying California law here…would promote the policy underlying the rule."[4] Id. at 2. Moreover, the Seventh Circuit has applied state law to determine whether a pre-dispute jury waiver clause is enforceable.[5] IFC Credit Corp. v. United Bus. & Indus. Fed. Credit Union, 512 F.3d 989, 991 (7th Cir. Ill. 2008).

Nevertheless, the most directly on-point case, despite Defendants' contentions, is certainly GE Commercial, which is the **only** Eleventh Circuit case that addresses the enforceability of pre-litigation jury waivers in Georgia. 621 F. Supp. 2d at 1308 (emphasis supplied). There, the plaintiff argued to the Middle District of Georgia that defendants had contractually waived their right to a jury trial. Id. The district court reasoned that Georgia law clearly holds that pre-litigation jury waivers are not enforceable and rejected the argument that because a right to a jury trial is decided as a question of federal law, that all contractual waivers are "*mandate*[d]" to be enforced in federal court. Id. at 1309 (emphasis in original). Using principles of Federalism, the court reasoned that to accept the argument of the plaintiff and waive the jury "would require the court to ignore a sovereign state's determination as to how contracts should be interpreted" despite no federal interest contrary to the state's interpretation. Id.

---

[4] See also William J. Brennan, Jr., State Constitutions and the Protection of Individual Rights, 90 Harv. L. Rev. 489 (1977): [S]tate constitutions, too, are a font of individual liberties, their protections often extending beyond those required by the Supreme Court's interpretation federal law. The legal revolution which has brought federal law to the fore must not be allowed to inhibit the independent protective force of state law--for without it, the full realization of our liberties cannot be guaranteed."

[5] While it is true that the Court in IFC Credit Corp. v. United Bus. & Indus. Fed. Credit Union applied Illinois law in part because of the choice of law provision, since the district court was sitting in Illinois, the Court there did not have to consider the principles of Keener v. Convergys Corp., 342 F.3d 1264, 1268 (11th Cir. 2003). Nevertheless, the Seventh Circuit's application of state law to the precise issue of pre-dispute jury waivers is instructive here.

Moreover, there is no compelling reason that a jury should be denied in this case. As the court noted in GE Commercial:

> "To accept [a mandatory waiver of the right to a jury trial] one would have to find in the U.S. Constitution a federally protected interest in the enforcement of a party's contractual *forfeiture* of the right to a jury trial. While there is certainly an important federal interest in protecting the right *to* a jury trial, this Court cannot find anywhere a federal interest in protecting the right *from* a jury trial.

621 F. Supp. 2d at 1308-09 (emphasis in original). The court concluded that "[t]his important right [to a jury trial] under Georgia law cannot be forfeited simply because a citizen is sued in federal court when the enforcement of this right is not contrary to the U.S. Constitution." Id. at 1309. Further, as per the Supreme Court, "[m]aintenance of a the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." Dimick v. Schiedt, 293 U.S. 474, 486 (1935).

To accept Defendants' argument in this case would be to undermine substantive state law which intentionally protects litigants' right to a jury more strictly than the United States Constitution.  Not only would this result directly contradict well-established principles of Federalism and undermine a historically crucial right, as noted in Simler v. Conner, 372 U.S. at 221, it would also do so without a compelling reason. As explained above, the court, when in doubt, should err on the side of protecting a foundational right.

   *2.     Case Law Cited by Defendants is Inapplicable*

Defendants argue that "the right to a  jury trial is a procedural right that can be waived under federal law[]" and cite Bakrac Inc. v. Villager Franchise Systems for "upholding contractual jury waiver in a diversity case." (Dfs' Resp. to Pls' Mot. to Strike Dfs' Aff. Def. 4);

164 Fed.Appx 820, 823-24 (11th Cir. 2006). There, the Court applied New Jersey law in a Florida forum and allowed for jury waiver. 164 Fed. Appx. at 824.

First, this case is factually distinguishable, because Georgia law, not New Jersey law applies. Keener, 342 F.3d at 1268. Under New Jersey or Florida law, pre-litigation jury trial waivers are enforceable. See N.J.S.A. Const. Art. 1, par. 9; R. 1:1-8(a); Fla. R. Civ. P. 1.430. Therefore, since federal law and New Jersey and Florida law were co-extensive on the issue of pre-dispute jury waivers, there was no reason to apply to state substantive law in Bakrac. By comparison, Georgia law is more protective of the right to a jury trial than federal law and this Court must take the additional step of analyzing the purported pre-suit jury waiver under Georgia law. Moreover, Bakrac pre-dates GE Commercial by three years, meaning it was available for the Middle District of Georgia to consider when they held that federal law provided lesser protections than Georgia state law. Compare Bakrac, 164 Fed.Appx at 820; GE Commercial, 621 F. Supp. 2d at 1305. Finally, Bakrac is an unpublished opinion and thus is not binding on this court under Eleventh Circuit Rule 36-2. GA R CTA11 Rule 36-2.

The case of Ford v. Citizens and Southern Nat. Bank, Cartersville is also distinguishable. 928 F.2d 1118 (1991). In Ford, there was no pre-litigation contractual jury waiver, only a settlement agreement where a jury trial was requested after litigation began. The court in that case reasoned that Ford should not be afforded a jury trial because specific performance, an equitable remedy, does not require a jury. Id. at 1121-22. Duncan agrees with this rule, but it is wholly inapplicable here because Duncan is not solely seeking a wholly[6] equitable remedy, i.e.,

---

[6] While Duncan has sought quantum meruit, which is a form of an equitable measurement of damages, quantum meruit still must be submitted to the jury. Watson v. Sierra Contr. Corp., 226 Ga. App. 21, 28 (1997) ("The value of services from the perspective of the recipient is uniquely that of opinion and is for jury determination as to value, if any.")

specific performance. Since a bench trial is required for specific performance[7] claim under Georgia law, Cawthon v. Douglas County, 248 Ga. 760, 762 (1982), the right to a jury trial on such equitable claims under federal law and Georgia law are co-extensive.  Moreover, it is compelling that Judge Land did not rely on Ford in GE Commercial, despite Ford having been decided almost 20 years earlier.  Moreover, the heart of the dispute here is whether a **pre-litigation** contractual jury waiver should be enforced in federal court, which distinguishes this case for Ford because waivers entered into *during* dispute are expressly allowed by both federal and state law, while pre-litigation waivers are not allowed under Georgia law.

Columbus Mills, Inc. v. Freeland is also inapplicable to the case at hand because there the court was asked if a jury was necessary to decide if attorney's fees could be awarded based on "vexatious" conduct of the plaintiff; clearly a factually distinct situation. 918 F.2d 1575, 1577-78 (11th Cir. 1990).  The Columbus Mills Court relied on several federal statutes which clearly allowed for a bench decision on attorney's fees. See Id. at 1578-79 (referencing 28 U.S.C.A. § 1927, 42 U.S.C.A. § 1988; F.R.C.P. 11).  That rationale highlights one of the additional infirmities with Defendants' argument.  "Under federal common law, an enforcing court should apply the law of the state courts in the state where the rendering federal court sits, unless the state's law conflicts with federal interests."  Palmer & Cay, Inc. v. Marsh & McLennan Cos., 404 F.3d 1297, 1310 (11th Cir. 2005).  In Freeland, the state interests were in conflict with federal law which allowed for the judge to determine attorneys' fees.  Unlike in Freeland, there is no federal statute, or constitutional provision, or federal interest which conflicts with the right to a jury trial under Georgia's constitution. See generally Semtek Int'l Inc. v. Lockheed Martin Corp.,

---

[7] The Ford Court was distinguishing Devereaux v. Citizens & Southern Nat'l Bank, 172 Ga. App. 53 (1984).  The appellate issue in Devereaux was not whether the contract needed to be specifically performed, but rather an enforceable contract was actually formed.  The former involves equitable principles, but the later is a question of fact.

531 U.S. 497, 509 (2001). Therefore, Freeland, which relied on a federal statue, is not controlling on this Court regarding the enforceability of the purported pre-litigation jury waiver.

Defendants similarly misapply Simler v. Conner, by quoting the rule but leaving out the rationale. 372 U.S. at 221. Defendants' reliance on Simler (as well as several **courts'** usage of Simler, as noted in GE Commercial at 1308-09) is simply not consistent with Simler Court's rationale, which was working to *protect* the right to jury trial. Not only was the petitioner there ultimately afforded his right to a jury trial after being denied it by the previous court, the Court went on to explain:

> We agree with respondent that the right to a jury trial in the federal courts is to be determined as a matter of federal law in diversity as well as other actions. **The federal policy favoring jury trials is of historic and continuing strength.** Only through a holding that the jury trial right is to be determined according to federal law can the uniformity in its exercise which is demanded by the Seventh Amendment be achieved. In diversity cases, of course, the substantive dimension of the claim asserted finds its source in state law, but the characterization of that state-created claim as legal or equitable for purposes of whether a right to jury trial is indicated must be made by recourse to federal law.

Simler, 372 U.S. at 222 (citations removed, emphasis added). The Court emphasized uniformity in order to provide **greater** protections than those provided by the Seventh Amendment. It would be a miscarriage of justice to apply this case to the instant case, where doing so would certainly limit, not protect, the jury trial rights of the Plaintiff.

The Seventh Circuit clarified that state law should be applied by federal courts to determine the validity a jury waiver in IFC Credit Corp. 512 F.3d at 991. There, they found that though Fed.R.Civ.P. 38 governs the choice between bench and jury once a suit has begun, state substantive law should apply to determining the enforceability of a contractual wavier provision. Id. There the Court explained:

> Simler holds that the classification of a dispute as "legal" or "equitable" must be made under federal norms: after all, the phrase "at common law," which

>guarantees a right to trial by jury, is in the seventh amendment, and meaning of this phrase therefore must be a matter of federal law. It does not follow that national law also controls the validity of a contractual agreement to a bench trial. There is no general federal law of contracts after Erie R.R. v. Tompkins, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938); if "federal law" did control, the best it could do would be to use state law as the rule of decision.

IFC Credit Corp 512 F.3d at 991-92.

Further, in Simler, the Supreme Court did not analyze whether federal law applies to pre-dispute, contractual jury trial waivers. Rather, the Court was evaluating whether state law or federal law applied in "determining whether an action is 'legal' or 'equitable' for the purpose of deciding whether a claimant has a right to a jury trial." Simler, 372 U.S. at 221. This mischaracterization of Simler is further explained in GE Commercial: "Because the vast majority of states permit pre-litigation contractual jury trial waivers, the application of state law in the cases relied upon by [Defendants] would likely have had the effect of restricting one's federal constitutional right to a jury trial." GE Commercial, 621 F.Supp.2d at 1308-09. The same rationale applies here.

Defendants argue that GE Commercial is "factually distinguishable because it was based solely on diversity" but give no support for why that difference matters. Defs Res. to Pls Mot. to Strike Defs' Aff. Def. 6. That argument has been soundly rejected.  Totalplan Corp. of Am. v. Colborne, 14 F.3d 824, 832 (2d Cir. 1994); Stud v. Trans International Airlines, 727 F.2d 880, 881 (9th Cir. 1984); United States for the Benefit & Use of EPC Corp. v. Travelers Cas. & Sur. Co. of Am., 423 F. Supp. 2d 1016, 1020 (D. Ariz. 2006); Artistic Stone Crafters, Inc. v. Safeco Ins. Co. of Am., 726 F. Supp. 2d 595, 600 (E.D. Va. 2010).  Since this Court, sitting in Georgia, must apply Georgia's choice of law provisions, the pre-dispute jury waiver is unenforceable. Keener , 342 F.3d at 1268; GE Commercial, 621 F. Supp. 2d at 1305;  Bank South, 264 Ga. at 339 .

**D.     Assuming *arguendo* that <u>only</u> Federal Law Applies, the Waiver Provision does not Meet the "Knowingly, Voluntarily, and Intelligently" Federal Standard**

Even if this court finds that Federal law applies to the instant case, a waiver, in order to be enforceable, must meet a higher 'knowing consent' standard. The higher standard is necessary because a constitutional right is at stake. In fact, there is a presumption that the pre-litigation jury trial waiver should not be enforced. See <u>Nat'l Equip. Rental Ltd. v. Hendrix</u>, 565 F.2d 255, 258 (2d Cir. 1977). Moreover, "the majority of federal courts have held that the party seeking enforcement of the waiver has the burden of showing that the consent of the party making the waiver was knowing, voluntary, and intelligent, but a circuit split exists on this issue." <u>RDO Fin. Servs. Co. v. Powell</u>, 191 F. Supp. 2d 811, 813 (N.D. Tex. 2002). Defendants have failed to satisfy that burden.

Here, Defendants must prove that Plaintiffs waived their right to a jury with knowledge and intention. See <u>Nat'l Equip. Rental Ltd.,</u> 565 F.2d at 258 (inconspicuous waiver provision and inequality in bargaining power suggested that waiver was not knowing); <u>RDO Fin. Servs. Co. v. Powell</u>, 191 F. Supp. 2d 811, 813-14 (N.D. Tex. 2002) (waiver buried deep in a lengthy paragraph and lacking in mutuality-lender had power to demand jury-waiver was not enforceable); <u>First Union Nat'l Bank v. United States,</u> 164 F. Supp. 2d 660, 665 (E.D. Pa. 2001) (gross disparity in bargaining power and lack of opportunity to negotiate terms rendered waiver invalid); <u>Dreiling v. Peugeot Motors, Inc</u>., 539 F. Supp. 402, 403 (D. Colo. 1982) (insertion of a waiver provision at the end of a standardized form contract rendered jury waiver unenforceable).

To determine whether a party knowingly and voluntarily waived its right to a jury trial, the following factors must be considered: (1) whether the contract was negotiable, (2) the conspicuousness of the provision, (3) the relative bargaining power of the parties, (4) whether the

waiving party was represented by counsel, and (5) the business acumen of the party opposing the waiver. GE Commercial, 621 F.Supp.2d at 1311.

For example, in First Union Nat. Bank, waiver of a jury trial in a loan agreement signed by the corporate officer in his individual capacity was not knowing and intelligent, and thus was not enforceable. 164 F. Supp. 2d at 660. The Court reached this conclusion despite the waiver provision being conspicuous and the officer serving as a corporate president of at least two corporations. Id. A determinative factor was that the officer executed the signature page of the agreement alone, without seeing or reading actual documents. Id. Similarly, in RDO Financial Services, a Guarantor's contractual waiver of the right to jury trial was not enforceable where the waiver was printed in very small font size in the middle of a lengthy paragraph, and was not set off from rest of text through differential bold, larger print, italics, or any other form of emphasis or distinction. 191 F. Supp. 2d at 811.

In Dreiling, the court noted that courts indulge **every reasonable presumption against waiver**. 539 F. Supp. at 402 (emphasis supplied). The court stated that the defendants had a heavy burden of proving that the plaintiff knowingly, voluntarily, and intentionally agreed on the jury waiver provision. Id. The court stressed that a constitutional guarantee so **fundamental** as the right to jury trial cannot be waived unknowingly by the mere insertion of a waiver provision on the 20th page of a 22-page contract. Id. (emphasis supplied). The court pointed out that the defendants had presented no evidence that the waiver provision was a bargained-for term of the contract, was mentioned during negotiations, or was even brought to the plaintiff's attention. Id. The court also observed that the jury waiver was not bargained for while litigation was pending, but rather was inserted into an agreement signed nearly three years before the controversy arose. Id. Accordingly, the court denied the defendant's motion to strike the dealer's jury demand. Id.

In this case, as previously noted, the sum of these factors favor a finding that the waiver was not executed knowingly or voluntarily by the Plaintiff. Not only was it not conspicuous, it was buried in the contract and was not negotiated by the parties. See Pls' Mot. to Strike Defs' Aff. Def. 13-15. The fact that this was a "take it or leave it" bid is also illustrative of the intention of Duncan: There was no intention to be bound by a clause that would be so limiting should litigation arise. Id. That the Plaintiff did not read the provision related to jury waiver is even further evidence of this lack of intention to be bound a pre-dispute jury waiver provision. Id. Simply put, Defendants have not satisfied their burden in proving the jury waiver provision is enforceable.

As noted in Duncan's brief, even if a jury trial is inappropriate for their contractual claims, Duncan is entitled to a jury trial on its tort and punitive damage claims against Defendants. See 8-39 Moore's Federal Practice - Civil § 39.14 ("When a single case combines jury and nonjury claims, and there are factual issues that *do not* overlap, the determination of the nonjury claims will not have a preemptive effect on the jury's determination of the jury claims."). In Defendants' response brief, Defendants have failed to rebut this argument.  Therefore, it is in the interest of judicial economy to allow the whole trial be to a jury.

### III.   CONCLUSION

Duncan has brought this action and demanded that it be tried by a jury. Defendants have raised the defense that Duncan waived the right to a jury trial. However, the law in this matter is well settled: Because this action arises in diversity and under federal question jurisdiction, the substantive law of the forum state, Georgia, governs the enforceability of the contract provisions at issue. Georgia law clearly holds that waiver of jury trial is not permitted.  Georgia's Constitution protects the right to jury trial more stringently than that afforded by the

Constitution, and that protection should be enforced by this court. However, even if this Court only applies federal law, Defendants have failed to satisfy their heavy burden that Duncan has waived their right to a jury trial. Consequently, this matter should proceed to a trial before a jury.

Respectfully submitted this 20th day of July, 2012.

            HALL, BOOTH, SMITH & SLOVER, P.C.

            */s/ Joel L. McKie*
            James H. Fisher, II
            Georgia Bar No. 261850
            Denise W. Spitalnick
            Georgia Bar No. 746210
            Joel L. McKie
            Georgia Bar No. 585780
            *Attorneys for Plaintiff*

191 Peachtree Street, NE
Suite 2900
Atlanta, GA 30303-1775
(404) 954-5000
(404) 954-5020 (facsimile)

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>for the use and benefit of DUNCAN PIPELINE, )<br>INC., a Georgia corporation, and DUNCAN )<br>PIPELINE, INC., )<br>)<br>          Plaintiffs, )<br>)<br>vs. )<br>)<br>WALBRIDGE ALDINGER )<br>COMPANY, a Michigan corporation; )<br>TRAVELERS CASUALTY AND SURETY )<br>COMPANY OF AMERICA; a Connecticut )<br>corporation; and LIBERTY MUTUAL )<br>INSURANCE COMPANY, a Massachusetts )<br>corporation, )<br>)<br>          Defendants. ) | CIVIL ACTION<br>FILE NO. 4:11-CV-00092-WTM-GRS |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true and correct copies of Plaintiffs' Reply Brief In Further Support of Plaintiffs' Motion to Strike Defendants' Claim of Jury Waiver has hereby been filed with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

Eric L. Nelson, Esq.
Joseph C. Staak, Esq.
Smith, Currie & Hancock, LLP
2700 Marquis One Tower
245 Peachtree Center Ave.
Atlanta, GA 30303-1227

This 20th day of July, 2012.

HALL BOOTH SMITH & SLOVER, P.C.

*/s/ Joel L. McKie*
Joel L. McKie, Esq.